The judgment of the court was pronounced by
Slidell, J.
The plaintiff having been appointed administrator of the succession of Sarah Andreivs, deceased, wife of Henry Bideman, caused an inventory to be made, and subsequently, in 1847, a sale to be effected. At this sale a slave was adjudicated to the defendant at the price of $1065, payable in two installments: one due in April, 1849, and one in April, 1850. In the inventory, as well ns in the proces verbal of sale, the slave is described as the property of the succession of Sarah Andrews, and the latter is signed by the defendant. It also appears from the evidence, that the slave did not belong to the community, (if one existed between Bideman and his wife,) but was her separate property, being the issue of a female slave owned by her before her marriage with Bideman, which took place after the Code of 1808 went into force.
The defendant excepted, in the first place, to the right of the administrator to sue, because he had not rendered an account of his administration within the year after his appointment, nor within the last year; and has thus, it is alleged, lost the administration. It appears from the evidence, that the plaintiff filed an account, which seems deficient in minuteness and detail, on the 2d May, 1849, shortly before the defendant answered in this cause. No opposition has been filed to it, and there has been no proceeding in the matter of the succession to oust the administrator. The forfeiture contemplated by the act of March 13, 1837, does not take place ipso facto by the omission to file an account. It is a matter to be acted upon by the court in the matter of the succession, and cannot be discussed collaterally in a suit before a court exercising its ordinary jurisdiction by the administrator against a debtor of the estate. We do not mean to say, that the court might not have ord.er.ed the sum to be deposited in court, and not to go immediately into the hands of the administrator on a showing that (he sum would be in danger, even before a formal proceeding to oust the administrator had been determined. But no such showing has been made in the present case.
It is next pleaded that the plaintiff cannot maintain his action, because the defendant was in community with the deceased, and there has been no settlement of the community, his share in which he alleges to be more than the amount now claimed for him.
We have already stated that the property sold was unquestionably the separate property of the deceased, in which the husband had no interest whatever; and it was adjudicated to him at the sale as such. In accordance with the principles recognized in Robin v. Castille, 7 L. R. 295, we think the defendant has no right to retain the price until the community is settled.
It is said, the judgment is erroneously given for both installments ; when the suit was brought, but one installment had matured. The plaintiff’s prayer was that the slave be sold for so much cash as would pay the matured installment, and on a credit for the residue, according to the maturity of the second. This decree the plaintiff properly asked. He also asked a personal judgment for the whole price. As no exception was made on the ground that the last installment was not yet due, and as it had matured before the cause came ti. trial, we see no reason to disturb the judgment.'
The judgment of the district court is therefore affirmed, with costs.